KITCHENS, Justice,
Concurring in Result Only:
¶ 25. While I agree that the doctrine of equitable estoppel[4] is not applicable in this case, I respectfully disagree with the majority’s reasoning. The majority finds that Kimball Glassco and Richardson are not equitably estopped from asserting the Mississippi Tort Claims Act’s (MTCA’s) one-year statute of limitations because it was the Mississippi Tort Claims Board, and not Kimball Glassco or Richardson, that made the alleged misrepresentation. However, the doctrine of equitable estoppel does not apply, because the board in fact never represented to the plaintiff that Delta Community Mental Health Service (DCMHS) was not covered by the Mississippi Tort Claims Act (MTCA).
¶ 26. The Tort Claims Fund was established in accordance with Mississippi Code Section 11-46-17, and distinguishes between “governmental entit[ies]” and “political subdivisions.” Subsection (1) provides that “each governmental entity other than political subdivisions shall participate in a comprehensive plan of self-insurance and/or one or more policies of liability insurance administered by the Department of Finance and Administration,” while subsection (3) requires “political subdivisions” to obtain insurance or establish insurance reserves on their own. Miss.Code Ann. § 11416-17 (Rev.2002) (emphasis added). “Political subdivision” is defined as “any body politic or body corporate other than the state responsible for governmental activities only in geographic areas smaller than the state, including but not limited to any county, municipality, school district, community hospital ..., airport authority, or other instrumentality thereof....” Miss.Code Ann. § 11^6-l(i) (Rev.2002). Thus, the state has its own claim fund separate and apart from those of its “political subdivisions,” and the Mississippi Tort Claims Board is vested with the authority to oversee and administer this fund. Miss. Code Ann. § 11-46-19 (Rev.2002). While the board may “review and approve or *950 reject any plan of liability insurance or self-insurance reserves proposed or provided by political subdivisions,” it does not assign claims to attorneys or purchase insurance policies for the “political subdivisions.” Miss.Code Ann. § 11-46-19(d),(h),(l) (Rev.2002). See Maj. Op. n. 1.
¶ 27. The letter of July 28, 2006, from the MTCB simply stated that DCMHS was not covered by the state fund under Section 11-46-17(1); it did not foreclose, or even speak to, the question of whether DCMHS was a “governmental entity” entitled to immunity under Mississippi Code Section 11-46-11. The text of the letter, in its entirety, stated:
This will acknowledge receipt of your notice of claim letter directed to the Mississippi Department of Mental Health concerning the above referenced matter.
We have been in contact with the Mississippi Department of Mental Health concerning this matter and advised that Delta Community Mental Health Service is not a state agency nor is it a department or division of the Mississippi Department of Mental Health.
For these reasons, we will unfortunately be unable to consider this claim. We regret we will be unable to assist you or your client any further in this respect.
The board was merely notifying the plaintiff that it would not be handling the claim, but it never said that DCMHS was not entitled to the protections of the MTCA.[5] Therefore, the plaintiff cannot rely on the doctrine of equitable estoppel because the board did not make any misrepresentation to the plaintiff. For these reasons, I respectfully concur in result only.
CARLSON, P.J., AND LAMAR, J., JOIN THIS OPINION.

. In his brief, the plaintiff does not address this issue, although he did raise it in the trial court.

.The majority is correct that “a regional mental health commission is a state agency,” for immunity purposes, but regional mental health commissions are created, funded, and governed at the county level. See Miss.Code Ann. §§ 41-19-31 to 41-19-43 (Rev.2009). Thus, DCMHS is a "political subdivision” that does not pay into the state Tort Claims Fund. Miss.Code Ann. § 11-46-17 (Rev.2002).